IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD JAMES WILLARD,

    Petitioner,                             No. CIV S-04-0743 FCD DAD P

    vs.

D. L. RUNNELS,

    Respondent.                           <u>ORDER</u>

/

        Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that the failure of the Board of Prison Terms (BPT or Board) to find him suitable for parole at parole suitability hearings on June 13, 2002, and July 11, 2003 violated his rights to due process and equal protection and breached his plea agreement. He also alleges that his rights pursuant to the Eighth and Fourteenth Amendments were violated because the Board disregarded regulations ensuring fair suitability hearings and instead operated under an unlawful policy promulgated by former California Governor Davis that all prisoners serving sentences for murder be found unsuitable for parole.

        On December 23, 2004, petitioner filed a motion for discovery. Therein, he requests the following information:

/////

1

      1. The number of parole hearings held for male prisoners sentenced for second degree murder since 1994 (yearly figures);

      2. The number of parole grants to male prisoners sentenced for second degree murder since 1994 (yearly figures);

      3. The number of calendar years served when the above group of prisoners were granted parole (average for each year);

      4. The number of those parole grants that were rescinded by the review panel (yearly figures);

      5. The number of those parole grants that were rescinded by the Governor (yearly figures);

      6. The number of prisoners actually released on parole convicted of second degree murder since 1994 (yearly figures);

      7. The number of prisoners that had a base term set one year prior to their MEPD (yearly figures since 1994); and

      8. Any and all documents/transcripts of petitioner's plea agreement.

Petitioner argues that the requested discovery is directly related to the claims contained in the instant petition.

      Respondent argues that the discovery requested by petitioner is not relevant to any of petitioner's claims and exceeds the scope of permissible discovery in a habeas corpus proceeding. Specifically, respondent contends that the requested information is irrelevant to petitioner's claim that the Board operated under an illegal policy set by former Governor Davis because Governor Davis was never called on to consider petitioner's parole suitability. Respondent also argues that the statistical information requested by petitioner has no bearing on the alleged bias of the specific Board commissioners at his parole hearings. Finally, respondent argues that the requested information pertaining to petitioner's plea agreement is irrelevant to petitioner's claim that the agreement was breached by the Board's failure to set a parole date because petitioner does not allege, and the exhibits attached to the instant petition do not demonstrate, that the court or the prosecutor promised petitioner that he would be granted parole after a specific period of incarceration.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts permits discovery in habeas corpus actions. A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant and discovery is available only in the discretion of the court and for good cause shown. See Rules Governing Section 2254 Cases, Rule 6(a) 28 U.S.C. foll. § 2254; Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). See also Hayes v. Woodford, 301 F.3d 1054, 1065 n.6 (9th Cir.2002) (discovery is available "only in the discretion of the court and for good cause").

After a review of the record and petitioner's claims, the court finds good cause for an order granting the discovery petitioner seeks. The court concludes that the requested information is relevant to the claims contained in the instant petition and is necessary to a fair resolution of those claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's December 23, 2004 request for discovery is granted;

2. Respondent shall provide the requested discovery to petitioner within ninety days from the date of this order and shall provide proof of service thereof to this court;

3. Within forty-five days from the date of service of the discovery, petitioner may file a supplemental traverse setting forth any additional argument in support of his claims based on the discovery materials provided; and

4. Respondent may file a reply to the supplemental traverse, if any, within thirty days from the date of service thereof.

DATED: August 3, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
willard743.disc